UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                     Plaintiff,

- against -

MICHAEL L. FINDLEY
a/k/a MICHAEL FINDLAY

                     Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11 CV 170 (RJD)

DEARIE, District Judge.

    Plaintiff's motion for summary judgment on its claim for the balance owing on a student loan must be denied. "While conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion . . . [courts] are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Donnelly v. Greenburgh Cent. School Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012) (internal quotation marks and citations omitted). Additionally, "[a] pro se party's submissions are to be read liberally, a requirement that is especially strong in the summary judgment context." Lewis v. NYC Police Dep't, 2012 WL 5467551, *1 (E.D.N.Y. Nov. 9, 2012). In his opposition to the motion, pro se defendant Michael Find*lay* states, inter alia, (i) that he has a "learning disability," (ii) that "I am not Michael L. Findl*ey*" (the name on the promissory note), and (iii) with reference to several requests for forbearance and related loan documents submitted by plaintiff that bear what appears to be plaintiff's signature, that the documents are "doctored," "look like a copy and paste job" and that in some, "the signore [sic] has the letter J in it and no way looks anything like [his] signature." Plaintiff understandably asserts that defendant is "danc[ing] around" the issue "seemingly quite cannily," that he has not squarely asserted that he

did not take out the loan, and that his defense is "feigned" and not to be credited. The Court's job at summary judgment is not to resolve contested issues of fact or credibility but merely to determine whether they exist, and here they plainly do. Whether defendant is artfully dodging an obligation to repay need not be a matter of speculation or guesswork, but it cannot be decided on summary judgment.

Plaintiff's motion for summary judgment is denied. Trial of this action will take place on January 16, 2013 at 10:00 a.m. in Courtroom 10A.

SO ORDERED.

Dated: Brooklyn, New York
       November 30, 2012                    /s/ Judge Raymond J. Dearie

                                            RAYMOND J. DEARIE
                                            United States District Judge